IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benjamin A. Joyner,                                ) | C/A No.  0:13-2675-DCN-PJG |
|                                                                ) | |
|                              Plaintiff,                ) | |
|                                                                ) | |
| v.                                                          ) | |
|                                                                ) | **ORDER** |
| Sharon Patterson, disciplinary hearing officer;  ) | |
| Mike McCall, Warden, Lee Correctional       ) | |
| Institution; Linda Johnson, Inmate Grievance  ) | |
| Coordinator; Ann Hallman, Chief Inmate      ) | |
| Grievance Branch; B. Reames, Classification  ) | |
| Case Manager; Ms. McNair, Administrative    ) | |
| Segregation Case Worker; William R. Byars,   ) | |
| Agency Director; James E. Sleigh, Jr., Division ) | |
| Director of Operations; James C. Dean, Major  ) | |
| of Security; Officer Locklear, Security;           ) | |
| Sargeant Roach, Security; Lieutenant Miles,   ) | |
| Security; Associate Warden S. Nolan; All       ) | |
| defendants except the Agency director is being ) | |
| sued in their individual capacities; William R.  ) | |
| Byars is being sued in his official capacity,    ) | |
|                                                                ) | |
|                              Defendants.             ) | |
| _____ ) | |

      This is a civil action filed by a state prisoner.  Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

      By order dated November 12, 2013, Plaintiff was given a specific time frame in which to bring this case into proper form.  Plaintiff has complied with the court's order, and this case is now in proper form.

PJG

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[1]  See 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code.  See 11 U.S.C. § 523(a)(17).  The Prison Litigation Reform Act of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  See 28 U.S.C. § 1915(a), (b).  As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.**  See Torres v. O'Quinn, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.").

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. § 1915 and/or 28 U.S.C. § 1915A.  Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 6, 2014
Columbia, South Carolina

---

[1] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350.  The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.